UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>MR. B's OF ABBOTSFORD, INC., d/b/a ABBOTSFORD EGG PRODUCTS,<br><br>        Defendant. | Civil Action No.  09-cv-444<br><br>C O M P L A I N T<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action against Mr. B's of Abbotsford, Inc., d/b/a Abbotsford Egg Products ("AEP" or "Defendant") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nicki Heberle ("Heberle"), who was adversely affected by such practices. The Commission alleges that AEP discriminated against Heberle by terminating her on the basis of disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant was a corporation doing business in the State of Wisconsin and had at least fifteen (15) employees.

5. At all relevant times, Defendant was an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant was a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Heberle filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Heberle is a qualified individual with a disability within the meaning of Section 3, 42 U.S.C. §12102, and Section 101, 42 U.S.C. § 12111, of the ADA. Among other things, Heberle could perform the essential functions of her job as set forth in the ADA despite her impairment, a seizure disorder commonly known as epilepsy. Heberle further had a record of this impairment as set forth in the ADA, and was regarded by defendant as having an impairment which substantially limited her in one or more major life activities.

9. Beginning on or about January 2007, Defendant engaged in unlawful employment practices at its facility in Abbotsford, Wisconsin, in violation of Title I of the ADA, 42 U.S.C. §12112(a), by terminating Heberle based on her disability.

10. The effect of the practices complained of in Paragraph 9 above has been to deprive Heberle of equal employment opportunities and otherwise adversely affect her status as an employee, in violation of Title I of the ADA, 42 U.S.C. §12112.

11. The unlawful employment practices complained of in Paragraph 9 above were intentional.

12. The unlawful employment practices complained of in Paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Heberle.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant and its successors to make whole Heberle by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant and its successors to make whole Heberle by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 9 above, in amounts to be determined at trial;

3

  E. Order Defendant and its successors to make whole Heberle by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraph 9 above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

  F. Order Defendant and its successors to pay to Heberle punitive damages for its malicious or reckless conduct, as described in Paragraph 9 above, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C.  20507


Date: July 15, 2009      s/John C. Hendrickson
            JOHN C. HENDRICKSON
            Regional Attorney
            EQUAL EMPLOYMENT OPPORTUNITY
             COMMISSION
            Chicago District Office
            500 West Madison Street, Suite 2000
            Chicago, Illinois 60661
            Telephone: (312) 353-8551
            Fax: (312) 353-8555
            E-Mail:  john.hendrickson@eeoc.gov

5

Date: July 15, 2009					s/Jean P. Kamp
							JEAN P. KAMP
							Associate Regional Attorney
							EQUAL EMPLOYMENT OPPORTUNITY
							  COMMISSION
							Chicago District Office
							500 West Madison Street, Suite 2000
							Chicago, Illinois 60661
							Telephone: (312) 353-7719
							Fax: (312) 353-8555
							E-Mail: jean.kamp@eeoc.gov


Date: July 15, 2009					s/Brian C. Tyndall
							BRIAN C. TYNDALL
							Senior Trial Attorney
							EQUAL EMPLOYMENT OPPORTUNITY
							  COMMISSION
							Milwaukee Area Office
							310 W. Wisconsin Ave., Suite 800
							Milwaukee, Wisconsin 53203-2292
							Telephone: (414) 297-1130
							Fax: (414) 297-3146
							E-Mail: brian.tyndall@eeoc.gov